TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division
STEPHEN CHANG (Cal. Bar No. 312580)
KEDAR S. BHATIA (Cal. Bar No. 363470)
Assistant United States Attorneys
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-7280/4442
    Facsimile: (213) 894-0141
    E-mail:   stephen.chang@usdoj.gov
                kedar.bhatia@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> (2) MANDEEP SINGH <br><br> Defendant. | No. 5:25-cr-00309-KK-2 <br><br> GOVERNMENT'S OPPOSITION TO DEFENDANT MANDEEP SINGH'S MOTION TO DISMISS INDICTMENT WITH PREJUDICE OR RELEASE DEFENDANT FROM GOVERNMENT CUSTODY; EXHIBIT A |

The government hereby files its Opposition to Defendant's Motion to Dismiss Indictment with Prejudice or Release Defendant from Government Custody. (Dkt. 84.)

This Opposition is based upon the attached memorandum of points and authorities, the files and records in this case, the attached

Exhibit A, and such further evidence and argument as the Court may permit.

DATED: December 30, 2025

TODD BLANCHE
Deputy Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

ALEXANDER B. SCHWAB
Assistant United States Attorney
Acting Chief, Criminal Division

　　/s/
KEDAR S. BHATIA
STEPHEN CHANG
Assistant United States Attorneys

Attorneys for Plaintiff
UNITED STATES OF AMERICA

ii

**TABLE OF CONTENTS**

MEMORANDUM OF POINTS AND AUTHORITIES....................................2

I.   INTRODUCTION........................................................2

II.  Statement of Facts..................................................3

III. Legal Standard......................................................4

IV.  ARGUMENT............................................................6

    A.   The INA Mandates Detention of Defendant During Removal
        Proceedings and ICE Also Has Discretionary Authority
        to Detain Defendant...........................................6

    B.   Dismissal is Inappropriate without a Showing of Injury
        or Prejudice..................................................8

V.   CONCLUSION..........................................................9

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Mandeep Singh is charged in this case for his role in a staggering <u>eleven</u> freight thefts in 2022 and 2023. See Indictment (Dkt. 1). He committed several of those thefts using the stolen alias of Victim A.S. After being initially detained, a Magistrate Judge found that bail was appropriate under 18 U.S.C. § 3142. However, after being released from custody by the Bureau of Prisons, defendant was detained by the United States Immigration and Customs Enforcement ("ICE") in immigration custody pursuant to the express terms of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1101 <u>et seq</u>.

Defendant's request for release should be denied because ICE has both mandatory and discretionary authority by statute to detain defendant pending his removal proceedings.[1] Defendant asks the Court to ignore the INA because a Magistrate Judge previously found that defendant should be released pursuant to the Bail Reform Act, a wholly separate statute. He requests that this Court either (a) order defendant's release from immigration custody or, drastically, (b) dismiss the indictment.

Neither request is warranted. Defendant requests fail as a matter of law because the government can simultaneously institute removal proceedings and criminal proceedings against defendant. As

---

[1] Under the Laken Riley Act, defendant is subject to mandatory detention under 8 U.S.C. § 1226(c). In addition, ICE has discretionary authority under 8 U.S.C. § 1226(a)(1) to detain defendant.

explained by the Ninth Circuit, "detention of a 'criminal defendant pending trial pursuant to the Bail Reform Act and detention of a removable alien pursuant to the Immigration and Nationality Act are separate functions that serve separate purposes and are performed by different authorities.'" United States v. Diaz-Hernandez, 943 F.3d 1196, 1199 (9th Cir. 2019). Although defendant relies on a non-binding district court decision from another state that predates Diaz-Hernandez, "[n]o court of appeals . . . has concluded that pretrial release precludes pre-removal detention." United States v. Soriano-Nunez, 928 F.3d 240, 245 (3d. Cir. 2019) (collecting cases). This court should deny defendant's baseless request for dismissal and release from immigration detention.

## II. Statement of Facts

As charged in the Indictment, defendant was a member of an elaborate conspiracy to collect cargo using different business names and then abscond with the cargo. (Dkt. 1.) Defendant is accused in the indictment of more than thirteen overt acts of freight theft spanning from 2022-2023. (Id. at 4-6.) He is also accused of possessing and using false identification in the commission of the acts. (Id. at 11.) For his actions, defendant is charged with counts of conspiracy to commit wire fraud, in violation of 18 U.S.C. § 1349, conspiracy to commit theft from interstate shipments, in violation of 18 U.S.C. § 371, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. (Id. generally).

On October 9, 2025, Mandeep Singh was arrested and made an

initial appearance in the Eastern District of California. After a detention hearing on October 14, 2025, he was detained and transported to the Central District of California.

On October 23, 2025, defendant made his initial appearance in the Central District of California. (Dkt. 52.) Magistrate Judge Rozella Oliver ordered defendant detained at that time. (Id.) On November 12, 2025, Magistrate Judge Oliver reconsidered her decision and ordered defendant released on appearance bonds totaling $40,000 signed by two sureties. (See Dkts. 70, 73, 75). The government sought a stay to appeal the matter, but determined not to further appeal the matter and informed the Court and counsel. Shortly after, government counsel learned that an ICE detainer had been placed on defendant and relayed that information to defendant's counsel. Upon his release from federal custody, defendant was brought into ICE custody at the Desert View Annex in Adelanto, California.

Defendant is in active removal proceedings. He was issued a notice to appear and has been placed in removal proceedings with a further proceeding set for January 7, 2026. See Gov't Ex. A (Notice of Hearing in Removal Proceedings). He is detained in ICE custody pending the outcome of those proceedings.

**III. Legal Standard**

Courts enacted the Bail Reform Act ("BRA"), 18 U.S.C. § 1342, to "give the courts adequate authority to make release decisions that give appropriate recognition to the danger a person may pose to others if released . . . ." United States v. Salerno, 481 U.S. 739,

4

742 (1987). After a hearing, if a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community, such judicial officer shall order the detention of the person before trial." 18 U.S.C. § 3142(e)(1).

The INA, 8 U.S.C. § 1101, et seq., charges the United States Secretary of Homeland Security with the administration and enforcement of the INA and other immigration laws. Under the INA, ICE is authorized or, in certain cases, required, to detain individuals who are subject to removal. See 8 U.S.C. § 1226(a)(1) (authorizing discretionary detention pending removal; 8 U.S.C. § 1226(c)(1) (listing circumstances in which the Attorney General "shall" take an alien into custody).

The INA also mandates detention of an individual while removal proceedings are ongoing if that individual "is charged with [or] is arrested for . . . acts which constitute the essential elements of any burglary, theft, [or] larceny . . . ." 8 U.S.C. § 1226(c)(1)(E)(ii). As set forth above, defendant is charged with, among other things, conspiracy to commit theft from interstate shipments (Count Two).

5

## IV. ARGUMENT

### A. The INA Mandates Detention of Defendant During Removal Proceedings and ICE Also Has Discretionary Authority to Detain Defendant

The Bail Reform Act governs detention in criminal cases. See 18 U.S.C. §§ 3142 and 3143. The Immigration and Nationality Act ("INA"), governs detention of noncitizens in civil removal proceedings. See 8 U.S.C. §§ 1226, 1231. They are "different statutory and regulatory regime[s]." Diaz-Hernandez, 943 F.3d at 1199. "Detention of a criminal defendant pending trial pursuant to the BRA and detention of a removable alien pursuant to the INA are separate functions that serve separate purposes and are performed by different authorities." United States v. Vasquez-Benitez, 919 F.3d 546, 554 (D.C. Cir. 2019).

Indeed, the Supreme Court has affirmed that "civil detention is a constitutionally permissible part of the Congress's broad power over immigration and the Executive's authority to execute that power." See id. (citing Demore v. Kim, 538 U.S. 510, 523 (2003).) Accordingly, "ICE may fulfill its statutory duties under the INA to detain an illegal pending trial or sentencing regardless of a BRA release determination." United States v. Veloz-Alonso, 910 F.3d 266, 270 (6th Cir. 2018) (finding that district court erred by finding conflict between BRA and INA). "No court of appeals . . . has concluded that pretrial release precludes pre-removal detention," Soriano Nunez, 928 F.3d at 245, because nothing in the BRA prevents DHS/ICE from "exercising its independent statutory authority to

6

detain an arriving noncitizen pending removal," United States v. Ventura, 747 F. App'x 20, 22 (2d Cir. 2018). As set forth above, defendant's detention pending removal proceedings are mandated by 8 U.S.C. § 1226(c)(1)(E)(ii).

Defendant's dismissal arguments based on United States v. Trujillo-Alvarez, 900 F. Supp. 2d 1167 (D. Or. 2012),[2] fail because Trujillo-Alvarez is not binding precedent,[3] ignores the independent discretionary authority ICE has under the INA, and is contrary to circuit court authority. See United States v. Lett, 944 F.3d 467, 471 (2d Cir. 2019) ("The BRA and the INA authorize the government to pursue both criminal prosecution and removal simultaneously, and there is no conflict between the detention-and-release provisions of the two statutes."); Soriano Nunez, 928 F.3d at 245 (pretrial release does not preclude pre-removal detention and BRA and INA do not conflict); United States v. Veloz-Alonso, 910 F.3d 266, 270 (6th Cir. 2018) ("ICE may fulfill its statutory duties under the INA to detain

---

[2] The Ninth Circuit has not yet ruled on the issue.

[3] District courts within and outside the Ninth Circuit have declined to follow Trujillo-Alvarez. See United States v. Villatoro-Ventura, 330 F. Supp. 3d 1118, 1143 (N.D. Iowa 2018) (denying motion to dismiss and stating that "I decline to adopt the Trujillo-Alvarez reasoning, and therefore, find that 18 U.S.C. § 3142(d) does not prohibit ICE from proceeding against [defendant] under the INA simply because he is entitled to pretrial release under the BRA."); United States v. Pacheco-Poo, 2018 WL 6310270, at *5 (N.D. Iowa Dec. 3, 2018) (same); United States v. Urbina-Escoto, 2020 WL 6147024, at *2 (W.D. Wash. Oct. 20, 2020) (concluding that "ICE's detention following Judge Peterson's pre-trial release order does not violate Defendant's rights under the BRA").

an illegal alien pending trial or sentencing regardless of a BRA release determination.").[4]

**B. Dismissal is Inappropriate without a Showing of Injury or Prejudice.**

Defendant has failed to establish any showing of injury or prejudice as a result of his detention by ICE. For example, defendant does not even claim or make any showing that he has been denied reasonable access to counsel. See generally Mot. at 1-10.[5] Nor would dismissal even be appropriate even under such circumstances. See United States v. Zarate, 2019 WL 6493927, at *4 (D. Nev. Dec. 2 2019) (the short time period in which counsel was unable to meet with client due to ICE custody did not "even approach" the "demonstrable prejudice" standard required to dismiss an indictment); United States v. Morrison, 449 U.S. 361, 364-65 (1981) (remedy must be "tailored to the injury suffered" and "absent demonstrable prejudice or substantial threat thereof, dismissal of the indictment is plainly

---

[4] Defendant argues as an additional basis that defendant's immigration case is administratively closed and not pending removal proceedings. Mot. at 8. This is no longer the case. As set forth in the attached Notice of Hearing in Removal Proceedings, defendant has an upcoming hearing on January 7, 2026 in immigration court and is currently in removal proceedings. See Gov't Ex. A.

[5] Defendant should not be permitted to raise any new issues, such as access to counsel, in the first instance on reply. *See United States v. Calderon*, No. SA CR 02-124 AHS, 2013 WL 12214185, at *1 (C.D. Cal. Sept. 4, 2013) (district court declined to consider issue raised in first instance on reply because "[i]t is not the office of a reply brief to raise new arguments") (citing *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1289 n.4 (9th Cir. 2000) ("[I]ssues cannot be raised for the first time in a reply brief.").

8

inappropriate, even though the violation may have been deliberate."). In this case, defendant played a key role in a sprawling freight theft scheme, which resulted in substantial losses to victims. Over and over, he stole freight from companies in Southern California for nothing except his own gain, and several times he used a stolen identity to commit his crimes. Dismissing the Indictment is not appropriate here, would harm victims, and ultimately would not advance the ends of justice.[6]

**V.   CONCLUSION**

For the foregoing reasons, the government respectfully requests that the Court deny defendant's motion to dismiss and request to be released on bond.

---

[6] The government is aware of at least one recent case where a District Court dismissed an indictment after a criminal defendant was taken into immigration custody, United States v. Parias, No. 25-cr-904-FMO (C.D. Cal. Dec. 27, 2025), Dkt. 76. This case is readily distinguishable from Parias, where the District Court found specific prejudice in the circumstances of that case and the lead-up to trial. Id. at 12-13. Such prejudice is lacking here, especially as there is no demonstrated inability for defendant to have access to counsel before a trial.

# Exhibit A

```
              NOTICE OF HEARING IN REMOVAL PROCEEDINGS
                          IMMIGRATION COURT
                     10250 RANCHO RD., SUITE 201A
                          ADELANTO, CA   92301
RE:  SINGH, MANDEEP
FILE: A███████████                                    DATE: Dec 4, 2025

TO:
     SINGH, MANDEEP
     DHS CUSTODIAL OFFICER
     10250 RANCHO ROAD
     ADELANTO, CA   92301
```

Please take notice that the above captioned case has been scheduled for a MASTER hearing before the Immigration Court on Jan 7, 2026 at 08:30 A.M. PT at:

```
        10250 RANCHO ROAD, COURTROOM 4
        ADELANTO, CA   92301
```

You may be represented in these proceedings, at no expense to the Government, by an attorney or other individual who is authorized and qualified to represent persons before an Immigration Court.  Your hearing date has not been scheduled earlier than 10 days from the date of service of the Notice to Appear in order to permit you the opportunity to obtain an attorney or representative. If you wish to be represented, your attorney or representative must appear with you at the hearing prepared to proceed.  You can request an earlier hearing in writing.

Failure to appear at your hearing except for exceptional circumstances may result in one or more of the following actions:  (1) You may be taken into custody by the Department of Homeland Security and held for further action. OR (2) Your hearing may be held in your absence under section 240(b)(5) of the Immigration and Nationality Act.  An order of removal will be entered against you if the Department of Homeland Security established by clear, unequivocal and convincing evidence that a) you or your attorney has been provided this notice and b) you are removable.

IF YOUR ADDRESS IS NOT LISTED ON THE NOTICE TO APPEAR, OR IF IT IS NOT CORRECT, WITHIN FIVE DAYS OF THIS NOTICE YOU MUST PROVIDE TO THE IMMIGRATION COURT ADELANTO, CA   THE ATTACHED FORM EOIR-33 WITH YOUR ADDRESS AND/OR TELEPHONE NUMBER AT WHICH YOU CAN BE CONTACTED REGARDING THESE PROCEEDINGS. EVERYTIME YOU CHANGE YOUR ADDRESS AND/OR TELEPHONE NUMBER, YOU MUST INFORM THE COURT OF YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER WITHIN 5 DAYS OF THE CHANGE ON THE ATTACHED FORM EOIR-33.  ADDITIONAL FORMS EOIR-33 CAN BE OBTAINED FROM THE COURT WHERE YOU ARE SCHEDULED TO APPEAR.  IN THE EVENT YOU ARE UNABLE TO OBTAIN A FORM EOIR-33, YOU MAY PROVIDE THE COURT IN WRITING WITH YOUR NEW ADDRESS AND/OR TELEPHONE NUMBER BUT YOU MUST CLEARLY MARK THE ENVELOPE "CHANGE OF ADDRESS."  CORRESPONDENCE FROM THE COURT, INCLUDING HEARING NOTICES, WILL BE SENT TO THE MOST RECENT ADDRESS YOU HAVE PROVIDED, AND WILL BE CONSIDERED SUFFICIENT NOTICE TO YOU AND THESE PROCEEDINGS CAN GO FORWARD IN YOUR ABSENCE.

A list of free legal service providers has been given to you.  For information regarding the status of your case, call toll free 1-800-898-7180 or 304-625-2050. For information on Immigration Court procedures, please consult the Immigration Court Practice Manual, available at www.usdoj.gov/eoir.

```
                        CERTIFICATE OF SERVICE
THIS DOCUMENT WAS SERVED BY:MAIL [M]   PERSONAL SERVICE [P]   ELECTRONIC SERVICE [E]
TO:  [ ] ALIEN   [P] ALIEN c/o Custodial Officer   [ ] ALIEN's ATT/REP   [P] DHS
DATE: 12/04/2025 BY:  COURT STAFF KARINA CHAMBERS
    Attachments:   [ } EOIR-33   [ ] EOIR-28   [ ] Legal Services List   [ ] Other
```